Singh v. Garland

BIA
Douchy, IJ
A205 991 480

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-two.

PRESENT:
GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
EUNICE C. LEE,
*Circuit Judges.*

_____

PRABHDEEP SINGH,
*Petitioner*,

v.                                          20-688
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:              Nicholas J. Mundy, Esq.,
                             Brooklyn, NY.

FOR RESPONDENT:              Jeffrey Bossert Clark, Acting
                             Assistant Attorney General;
                             Anthony C. Payne, Assistant

Director; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Prabhdeep Singh, a native and citizen of India, seeks review of a February 5, 2020 decision of the BIA that both affirmed a March 27, 2018 decision of an Immigration Judge ("IJ") denying asylum and withholding of removal and denied Singh's motion to remand.[1] *In re Prabhdeep Singh,* No. A 205 991 480 (B.I.A. Feb. 5, 2020), *aff'g* No. A 205 991 480 (Immigr. Ct. N.Y.C. Mar. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) ("Where the BIA adopts the decision of the IJ and merely supplements the IJ's

---

[1] Singh also applied for humanitarian asylum before the agency, but he does not raise that claim here.

2

decision, . . . we review the decision of the IJ as supplemented by the BIA."). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing fact finding for substantial evidence and questions of law de novo); *Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005) (reviewing denial of motion to remand for abuse of discretion).

I. Relocation Within India

Singh asserted a fear of persecution based on his past persecution at the hands of members of the Congress Party on account of his status as a Sikh nationalist and his activities for the Shiromani Akali Dal Amritsar Party ("Mann Party") in his home state of Punjab. Where, as here, the agency concludes that an applicant suffered past persecution, the applicant is entitled to a presumption of future persecution; the burden then shifts to the Government to show, by a preponderance of the evidence, that, as relevant here, the

applicant could safely relocate within the country of removal to avoid future persecution. 8 C.F.R. §§ 1208.13(b)(1) (asylum), 1208.16(b)(1)(i) (withholding of removal); *Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010). Factors affecting the reasonableness of relocation include "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3).[2]

We find no error in the agency's conclusion that the Government met its burden to demonstrate that Singh could relocate within India. Congress Party members harassed or attacked Singh in 2012 and 2013, but all four incidents occurred in or around his home village in Punjab. He did not attest to any encounters outside of his village, and the country conditions evidence in the record reveals significant Sikh populations in states other than Punjab and does not report persecution of those communities. We have previously

---

[2] Citation is to the regulation in effect at the time of the proceedings before the agency.

found no error in a relocation finding based on a similar record involving an asylum applicant who was Sikh and a member of the Mann Party. *See Singh v. Garland*, 11 F.4th 106, 117 (2d Cir. 2021). Contrary to Singh's position here, there is no evidence that police in Punjab recorded his identity when he made a report against the Congress Party members or that there is a communication system between police departments in different states.

Singh also argues that the Government failed to identify a particular area to which he could safely relocate within India. Although the Government did not identify one single place, the record reflects that the Congress Party controls only 6 of India's 29 states and the Government's brief to the IJ noted other states with economic opportunity and substantial Sikh or Punjabi-speaking populations to which Singh could relocate. Accordingly, we find no error in the agency's initial relocation finding, which was dispositive of asylum and withholding of removal.

II. Motion to Remand

Nor did the BIA abuse its discretion in declining to remand for further consideration of relocation. Singh moved

5

to remand to present evidence that the Hindu nationalist Bharatiya Janata Party's ("BJP") 2019 electoral victories made it the majority political party in India. The asylum applicant carries "the 'heavy burden' of demonstrating that []proffered new evidence would likely alter the result in h[is] case." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (quoting *INS v. Abudu*, 485 U.S. 94, 110 (1988)). Singh did not meet this heavy burden. He did not suffer persecution by the BJP in the past, and the evidence he presented did not establish that he would not be able to relocate safely because it reported that "[r]eligious freedom conditions varied dramatically from state to state," with some suffering from mob violence but others remaining "open and free for religious minorities." Certified Administrative Record at 37 (U.S. Commission on Int'l Religious Freedom's 2019 Annual Report on India). Moreover, the arrest and prosecution of three Sikhs that he relied on as evidence of likely persecution occurred in Punjab, not in other areas of India to which the agency had determined he could relocate.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court